UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI BAR-LEV,<br><br>                                   Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                                Defendants. | Case No.: 23-cv-139-DMS-AHG<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii); AND (3) DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL.** |

Plaintiff Naomi Bar-Lev submitted a Complaint (ECF No. 1) along with a request to proceed *in forma pauperis* ("IFP"), (ECF No. 2), and a motion to appoint counsel. (ECF No. 9.) For the following reasons, Plaintiff's motion to proceed IFP is granted, Plaintiff's complaint is dismissed, and Plaintiff's motion to appoint counsel is denied as moot.

**A. Motion to Proceed IFP**

Plaintiff's application to proceed IFP indicates her only sources of income are $600 from self-employment and $281 from public assistance. (*Id.* at 1-2.) Plaintiff reports having $650 in a checking account, a motor vehicle worth $600, and furniture and inventory worth $40,000. (*Id.* at 2-3.) Plaintiff further states she is "owed" a home worth

$350,000 that is contested by a lien, and is likewise "owed" other real estate worth $1,720,000. (*Id.* at 3.) It is unclear whether Plaintiff will ever obtain an ownership interest in those properties. Plaintiff also states she is "filing BK [bankruptcy]" and has "not been paying" her rent or home mortgage. The Court finds Plaintiff's application and affidavit are sufficient to show she is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2(a). Accordingly, Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

### B. Sua Sponte Screening Under 28 U.S.C. § 1915(e)(2)

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (stating "the provisions of 28 U.S.C. §1915(e)(2)(B) are not limited to prisoners). "Section 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

A complaint must have a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (cleaned up). A complaint devoid of this is subject to dismissal for failure to state a claim upon which relief can be granted. *Id.* at 545-55.

Plaintiff brings this action against at least fifty-nine (59) Defendants who are law enforcement officers, dispatchers, lawyers, a state judge and businesses, including AT&T, Google, Apple, Geek Squad, Chase Bank, GoDaddy and others. (*See* Compl. at pp. 1, 16.) Plaintiff allegations are disconnected and difficult to discern as she asserts multiple claims based on Defendants acting "as a gang" and "picking on Jews, Asians, and Blacks and

those who do not help[,]" in an effort to "destroy [her] privacy" and "sabotage all attempts at recovery and … through the court ha[s] made steps to silence [her] all together[.]" (*Id.* at pp. 1-2.) Plaintiff alleges claims based on these and similar allegations under 18 U.S.C. § 249(3) (hate crimes), 18 U.S.C. § 241 (conspiracy against rights), 18 U.S.C. § 242 (deprivation of rights under color of law), 42 U.S.C. § 3631 (fair housing rights violation), and 42 U.S.C. § 14141 (law enforcement misconduct). (*Id.* ¶ 19.) Plaintiff also alleges torts "of a conspiratorial nature," invasion of privacy, false reports by Psychiatric Emergency Response Team (PERT), and medical fraud. (*Id.* ¶¶ 17-18.) Plaintiff seeks "punitive damages to exceed $400,000,000 million [*sic*] for the egregious nature of the activities of these corporations, SDPD, and participating individuals." (*Id.* ¶ 20.) Additionally, Plaintiff seeks "an injunction to restore [her] privacy from Vivint, Google with respect to products used, Microsoft, so that [she] can restore the privacy necessary for a case." (*Id.* ¶ 9.)

Plaintiff named San Diego Superior Court Judge Sharon Kalemkierian as a defendant in this matter and attached as Exhibit 1 to her complaint an "Order on Request to Keep Minor's Information Confidential," signed and dated by the judge on December 9, 2021. It is unclear what error Plaintiff assigns to Judge Kalemkierian's handling of the state court matter, but in any circumstance, judges "are granted absolute immunity for their judicial actions in order to safeguard independent and principled judicial decision making." *Meek v. Cty. of Riverside*, 183 F.3d 962, 966 (9th Cir. 1999) (citing *Forrester v. White*, 484 U.S. 219, 226–27 (1988)). As such, Judge Kalemkierian is immune from civil liability for acts performed in her judicial capacity. Plaintiff's claims against Judge Kalemkierian are therefore dismissed without leave to amend. *See Martinez v. United States*, 838 Fed.App'x 662, 664 (9th Cir. 2020) (affirming district court dismissal without leave to amend because lawsuit challenged judicial conduct covered by immunity).

Apart from the allegations regarding Judge Kalemkierian, Plaintiff alleges many facts which purport to be the basis for her various causes of actions. It is impossible to decipher from those allegations which alleged facts alleged correspond to which claim and

which Defendants. Defendants are not provided with fair of what Plaintiff's claims are, and the grounds upon which they rest. Plaintiff has failed to allege any plausible or comprehensible claim for relief. Thus, the Complaint is dismissed in its entirety.

### C. Conclusion and Order

For these reasons:

1. Plaintiff's Motion to Proceed IFP is **GRANTED;**
2. The Complaint is **DISMISSED** with prejudice as to claims against Judge Sharon Kalemkierian for acts performed in her judicial capacity;
3. The Complaint is **DISMISSED** with leave to amend, as to all remaining claims. Plaintiff may file an amended complaint within fourteen days of this Order; and
4. Plaintiff's Motion to Appoint Counsel is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: May 2, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court